IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HONG VU,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-13469-KMW<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of the Federal Defendants' (collectively "Defendants") letter (ECF No. 6) requesting that the Court remand the case to the United States Citizenship and Immigtration Services ("USCIS") for a determination on Plaintiff Hong Vu's ("Plaintiff") Form N-400 Application for Naturalization. Plaintiff filed a responsive letter (ECF No. 7) whereby she opposes Defendants' request. The Court has considered the submissions of both parties; and

**WHEREAS**, under 8 U.S.C. § 1447(b), when USCIS fails to make a determination on an Application for Naturalization within 120 days of the examination, the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter;" and

**THE COURT NOTING** that "generally speaking a court…should remand a case to an agency for decision of a matter that statutes place primarily in agency hands" and that "[t]his principle has obvious importance in the immigration context." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16–17, (2002); *See also Asfour v. Napolitano*, 732 F. Supp. 2d 512, 513 (E.D. Pa. 2010) ("Where possible, remand is the preferred outcome in immigration cases."); *Daraji v. Monica*, No. CIV.A. 07-1749, 2008 WL 183643, at *3 (E.D. Pa. Jan. 18, 2008) ("Although

this Court has jurisdiction to decide [Plaintiff's] application, USCIS is the proper adjudicator given its expertise in naturalization matters."); and

**THE COURT FURTHER NOTING** that the purpose of 8 U.S.C. § 1447(b) is to "expedite the processing of naturalization applications" *Bustamante v. Napolitano*, 582 F.3d 403, 410 (2d Cir. 2009), and that Defendants have indicated that "USCIS is prepared to make a determination on Plaintiff's application within ten days of remand." (ECF No. 6 at p. 2 n.1);

**IT IS** this 11th day of Decmeber, 2025, hereby **ORDERED:**

**A.** Defendants' request for the case to be remanded to USCIS is **GRANTED**;

**B.** Defendants must provide Plaintiff with an opportunity to respond in writing to the expected denial of Plaintiff's N-400 Application for Naturalization[1];

**C.** Defendants make a determination on Plaintiff's N-400 Application for Naturalization within thirty (30) days of receipt of Plaintiff's written response to the expected denial of her application.

KAREN M. WILLIAMS
United States District Judge

[1] The Court notes that Defendants' letter (ECF No. 6) advised that they plan to deny Plaintiff's N-400 Application for Naturalization for lack of good moral character. However, Defendants also indicated that, pursuant to a new USCIS policy requiring a more holistic approach to assessing good moral character, Plaintiff will be permitted to respond to the expected denial in writing before it is issued to address any "extenuating circumstances and favorable factors that may impact her good moral character."